**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                          **CASE NO: 6:15-cr-259-Orl-28EJK**

**ORAN ORVALL DAWSEY**

## ORDER

Defendant's Motion for Compassionate Release (Doc. 79) is before the Court for consideration. The Government filed a response opposing the requested relief. (Doc. 81). Because Defendant failed to exhaust his administrative remedies, his motion is due to be denied.

Defendant was sentenced on April 22, 2016 to 33 months of incarceration and 3 years of supervised release for making a hoax bomb threat by telephone. Defendant began his supervised release on June 22, 2018. After many violations, Defendant's supervised release was revoked on January 13, 2020 and he was sentenced to 16 months of imprisonment. His expected release date is January 9, 2021.

The authority of a district court to modify a sentence is narrowly limited by 18 U.S.C. § 3582(c). *United States v. Phillips,* 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Defendant makes no mention, and provides no proof, of having requested relief from the warden of his facility for compassionate relief. (Doc. 79). The Administrative Remedies Log from FCI Butner, where Defendant is housed, shows no such request has been made. (Doc. 81-1). Defendant has thus failed to exhaust his administrative remedies.

The failure to exhaust administrative remedies within the BOP is fatal to a defendant's motion for compassionate release. *United States v. Raia*, 954 F. 3d 594, 597 (3d Cir. 2020). ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."); *see also United States v. Estrada Elias*, No. 6: 06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); *accord United States v. Elgin*, Case No. 2:14-cr-129- JVB-JEM, 2019 U.S. Dist. LEXIS 86571, *2–3 (N.D. Ind. May 23, 2019); *cf. United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is requisite for judicial review under 28 U.S.C. § 2241).

Defendant's Motion for Compassionate Release (Doc. 79) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 20th, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Oran Orvall Dawsey