# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                             **CASE NO: 6:15-cr-259-Orl-28EJK**

**ORAN ORVALL DAWSEY**

_____

### ORDER

Defendant's second *pro se* motion for compassionate release[1] is before the Court for consideration. (Doc. 84).  The Government responded to the motion opposing the requested relief.  (Doc. 86).  Because Defendant still has not exhausted his administrative remedies, his motion must be denied.

The Court denied Defendant's first motion for compassionate release (Doc. 79) because Defendant had not exhausted his administrative remedies.  (Doc. 82). Defendant's current motion does not mention any efforts made to seek relief from the warden as first required under 18 U.S.C. § 3582(c)(1)(A), and the Government confirms no such request has been made. Thus, Defendant has not rectified his failure to exhaust his administrative remedies as prescribed by 18 U.S.C. § 3582(c)(1)(A). As stated in the order denying his first motion for compassionate release, failure to exhaust administrative remedies within the Bureau of Prisons is fatal to a defendant's motion for compassionate release. (Doc. 82). See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

_____

[1] Titled "Motion for Sentence Reduction."

Defendant's Motion for Compassionate Release (Doc. 84) is **DENIED**.[2]

**DONE** and **ORDERED** in Orlando, Florida on September __22__, 2020.

_____

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Oran Orvall Dawsey

_____

[2] The Court notes that per the Government's response, Defendant was to be sent to a halfway house on September 16, 2020. (Doc. 86 at 2).

2